IN THE UNITED STATES DISTRICT COURT
FOR THE _____District_____
OF_____ Delaware_____

```
                              )
                              )
UNITED STATES OF AMERICA      )
                              )
                              ) Civil A.No. 01-440-KAJ
V.                            ) Crim. No. -95=13=MMS_____
                              )     Judge: Kent-A-Jordan--
Audrey Miller                 )       --------------
       Petitioner             )
                              )
_____ )
                              )
                              )
                              )
                              )
                              )
```

FILED

JAN 1 3 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

MOTION TO CORRECT ILLEGAL SENTENCE PURSUANT TO 18 U.S.C.§3742(a)
(1)(2) Rule 52(b)28 U.S.C. §2244 (a)(2)(A)
-----------------------------------------------------------------

COME NOW,____Audrey-V.-Miller_____,Petitioner, pro se,
to this Honorable Court seeking the correction of her sentence,
pursuant to 18 U.S.C.§3742(a)(1)(2). She asks this Court to
give retroactive application of the ruling in the recent Supreme
Court opinion Blakely vs Washington 542 U.S. (2004), and Booker
vs United States 125 S CT 738 (2005).

Pursuant 3742, Jurisdiction is established and a defendant
may file a notice of appeal in the District Court of an otherwise
final sentence which was imposed in violation of law.

The Standard of review is the Federal Rule of Criminal
Procedure Rule 52(b) for Plain Error. Plain Error is an error
that effects substantial rights of defendant and should be
reviewed de novo. See State vs Hughes 154 Wash 2d 118, 110
p 3d 192 (2005), and Washington Supreme Court vs Arturo P.
Recuenco, granted Certiorai on 10/17/2005.

This motion serves also as a notice of appeal pursuant

to 18 U.S.C.§3742(a)(1)(2) to the Illegal Sentence I received

on _____July 25, 1995_____, for Violation of 21 U.S.C.

____§841(a)(1)_____

_____

_____

in which I recieved _____300_____months Sentence.

Petitioner respectfully directs this Court's attention
to the Memorandum in support of the instant motion and for the
reasons set forth therin, the Petitioner respectfully requests
that the Court grant her motion and vacate, reverse and or remand
her sentence accordingly.

Respectfully Submitted this day January _____

10, 2006 _____

_Audrey Miller_
Petitioner, pro se

MEMORANDUM IN SUPPORT FOR

FOR ___Crim. A. No. 95-13-MMS_____ CASE NUMBER

COME NOW, ___Audrey Miller_____, Petitioner, pro se,
and respectfully submits this Memorandum in support of the motion
to correct her illegal sentence imposed using sentencing factors
and conduct considered relevant conduct in violation of her
6th Amendment Right in the Constitution and her Due Process
Rights of the Judicial System.  Petitioner presents this
Memorandum in support of her motion to correct an illegal
sentence based on the recent Supreme Court opinion in Blakely
vs Washington 542 U.S. (2004), and Booker vs United States 125
S Ct 738 (2005), State vs Hughes 154 Wash 2d 118, 110p and
Washington vs Arturo P. Recuenco no. 05-83, and Petitioner
reserves the right to amend or supplement at any time deemed
appropriate.  My indictment charged me with violating criminal
codes ___Possession with intent to distribute "crack cocaine"___
___in violation of 21 U.S.C. §841(a)(1)._____

_____.  I received _____300_____ month sentence
based upon a Judge at sentencing using relevant conduct factors
to base my sentencing Guideline Range.  This conduct was not
charged in my charging document, this conduct was not agreed
to, or admitted in a plea.  The conduct was considered
UNCONSTITUTIONAL to give me a guideline range higher than it
would have been absent it's use in sentencing.  To use this
conduct considered relevant conduct, to give me a higher____
Base Offense level or a guideline sentence based on these
factors ___the court attached an additional 187.1 grams of___
___crack cocaine to the admitted 18.9 grams by the defendant.___

conduct not brought before the jury or admitted to.) Is
Unconstitutional, in violation of my 6th Amendment Rights
according to the opinion of the recent Supreme Court rulings
in Blakely vs Washington 542 U.S. (2004), Booker vs United States
125 S ct 738 (2005).

Considering the new opinions the Court would have to review
the entire process used to establish my sentencing Guidelines
used as a Base in determining my sentence. Using this new range
the Court would have to determine absent the use of the illegal
sentencing factors what would my sentence be or would I have
had a sentence.

Citing Blakely/Booker held that "because the facts
supporting Petitioner's exceptional sentence were neither
admitted by Petitioner nor found by jury. The sentence violated
his 6th Amendment right to trial by jury". Blakely referenced
APPRENDI in which states that the maximum sentence a judge may
impose is a sentence based solely on the facts reflected in
the jury verdict or admitted by defendant. In other word's
the relevant Statutory Maximum is not the Maximum sentence a
judge may impose after finding additional facts, but the
maximum he may impose without any additional findings. Booker
ruled the Guidelines advisory under section 18 U.S.C.§3553(a).

My argument is that I received a ___300___
month sentence based on sentencing factors that are
unconstitutional according to the Supreme Court rulings and
Court opinions in APPRENDI/BLAKELY and BOOKER. Therefore my
sentence should be lowered to reflect the proper sentence absent
these factors.

The parts of the Court records relevant to my claims are:
Trial by Judge transcript, Plea agreement, sentencing transcripts,
Presentence report and Judgement and commitment.

_____. Retroactive application of Blakely
vs Washington, In the Blakely opinion page 11 O'Connor dissenting
"all Criminal sentences imposed under the Federal and State
Guidelines since APPRENDI was decided in 2000 arguably remain
open to Collateral attack. See Teague vs Lane 489.

Citing: Teague vs Lane (1989) 489 U.S. 288, 103 L ED 2d
334 109 S ct. 1060 at 341 29(a) "Retroactivity is properly
treated as a threshold question for a new constitutional rule
of Criminal procedure $_{and}$ applied to the defendant in the case
announcing the rule. Even hand Justice requires that it be
applied Retroactively to all who are similarly situated. (b)
Justice Harlan's view that new constitutional rules of Criminal
Procedure generally should not be applied retroactively to cases
on Collateral review is the appropriate approach. (Unless)
they fall within one of Justice Harlan's suggested exceptions
to this general rule that a new rule should be applied
retroactively (1) if it places "certain kinds of primary private
individual conduct beyond the power of the criminal law-making
authority to proscribe. Mackey vs United States U.S. 401 U.S.667
692, 281 Ed 2d 404 91 S ct 1160 or (2) if it requires the
observance of those Procedures that....are "implicating the
concept of ordered liberty". (The second exception should be
limited in scope to those new procedures without which the
likelihood of an accurate conviction is seriously diminished).
Pursuant the ruling in Tyler vs Cain (2001) 533 U.S. 632 150

L Ed 2d at 645 121 S Ct 247 at 533 at 645.   Justice Bryer
observes that this Court can make a case retroactive over the
course of two cases).

The Supreme Court holding iη APPRENDI vs NEW JERSEY, BLAKELY
vs WASHINGTON, BOOKER vs UNITED STATES requires proof of factors,
that enhance a sentence or sentencing range.

Petitioner asserts that the Supreme Court's holdings in
APPRENDI vs NEW JERSEY (120 S ct 2348 147 L Ed 2d 435 2000),
BLAKELY vs WASHINGTON (542 U.S....2004), BOOKER vs UNITES STATES
(125 S ct 738 2005), support the ruling rendering
unconstitutional the relevant conduct attributed to her based
on the United States Probation Officer.   As an extension of
the opinion in the Supreme Court cases, any enhancement in
punishment by means of relevant conduct must be admitted to,
charged and put before a jury and proven beyond a reasonable
doubt.   Petitioner maintains the relevant conduct which held
her accountable for ___ was the 187.1 grams that defendant is still
objecting.

was not admitted, proven beyond a reasonable doubt not charged
or agreed to in a plea, and was based on facts not before the
jury.   It is unconstitutional to attribute the conduct to her.
The above cases of the Supreme Court hold the opinion that a
judge alone cannot constitutionally use relevant conduct as
sentencing factors that would enhance a defendant's sentence.

Therefore Petitioner objects to the following that was
attributed to her at sentencing by the District Court Judge
___ The 187.1 grams and also the Career Offender statute

---

---

Based upon the above argument regarding APPRENDI, BLAKELY and
BOOKER all sentences imposed using factors of relevant conduct
related to dimissed, aquitted or uncharged conduct that was
not agreed to or put before the jury is unconstitutional and
are essentially enhanced. (Black's Law Dictionary defines,
"enhanced" as this "This word taken in a unqualified sense is
synonymous with Increased and comprehends any increase of value.
However, caused or arising. Thus the sentencing Guidelines Base
Offense levels absent the unconstitutional factors considered
to establish it could be substantially lower making the sentence
received exceptional _____

---

---

It was Plain Error See State vs Hughes 154 Wash 2d 118
110p 3d 192 (2005) Arturo P. Recuenco vs Washington Supreme
Court.  Certiorari granted 10-17-2005, no 05-83.  It was Plain
Error for the District Court to use relevant conduct from the
Probation Officer's report, which was not put before a jury
and found or proven beyond a reasonable doubt neither by a
preponderance of the evidence standard.  Pursuant to Rule 52(b)
Plain Error is an error that affects substantial rights of a
defendant, the District Court Judge at sentencing used factor's
that were uncharged and never proven to a jury nor pleaded to.
The District Court committed reversible error by using "facts
extracted after trial froma report compiled by a probation
officer, who the Judge thinks more than likely got it right,
than got it wrong", citing Blakely opinion 542 U.S. (2004) P16.

The problem with this assertion is all of the elements

in the Probation Officer's report are presented after a guilty plea or after trial, and is essentially the Government's version of what happened, and include uncharged relevant conduct factors and enhancement factors presented to the sentencing Court and is almost always accepted as fact by the sentenceing Judge and used to enhance sentences unconstitutionally in spite of defendant objects to those facts in the report which are not proven true by the jury not charged or dismissed before the sentencing phase. Any factors not presented on the indictment but presented at sentencing as a sentencing factor triggers a different outcome absent the factors is essentially an enhancement factors used by a judge to determine the ultimate sentence. The Supreme Court in APPRENDI, BLAKELY, and BOOKER establishes clear and convincing standards of law on sentencing factors and relevant conduct in respect to how these factors are implemented in a way that respects the 6th Amendment I object to ___ Chapter four enhancements: were U.S.S.G. §4A1.2(o), _____

__ U.S.S.G. §4B1.2(1)(i), and U.S.S.G. §4B1.1 which altogether ___

__ gave me an 6 point enhancement. _____

_____

My sentence should be __ with drug quantity 120-150 months, with absent these objections. Career Offender 188-235 months.

The Guidelines are now advisory and this Court has the discretion to correct Petitioner's sentence 3553(a). Wherefore, Petitioner prays that her memorandum that supports her objections to the unconstitutional sentence she recieved based upon Relevant Conduct Sentencing factors in the Presentencing Report (Probation Officers) sufficiently supports her request for vacating her sentence.

As a remedy to correct the unconstitutional errors in the sentence she recieved.  The Due Process Clause of the United States Constitution and that her sentence be adjusted downward accordingly.

Respectfully Submitted _____10th_____ day of __January__

_2006_

Petitioner, pro se

## CERTIFICATE OF SERVICE

I,          **Audrey Miller**                , certify under the penalty of perjury
pursuant to 28 U.S.C. 1746, that a true and correct copy of the foregoing has been
placed in the Federal Correctional Institution mailbox in Danbury, Connecticut
on this **10th** day of **January**          , 2006 in accordance with the prison
mailbox rule **Houston v. Lack, 487 U.S. 266 (1988)**, this above styled motion is
deemed filed upon placement in the prison mail room and mailed to the following:


        Thomas V. Mcdonough ESQ.                        So Served,

        Asst. U.S. Attorney

        844 King Street

        Wilmington, De. 19801





AUDREY MILLER03660-015
FEDERAL CORRECTIONAL INSTITUTION
ROUTE 37, Pembroke Station
Danbury, CT 06811

Legal
Mail

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
844 N. KING Street, Lock Box 18
Wilmington, Delaware 19801-3570

Legal Mail