IN THE UNITED STATES DISTRICT COURT

FOR THE _____ DISTRICT OF __Delaware__

_____ DIVISION

| | |
|---|---|
| Audrey Miller ) | CRIMINAL CASE No. 95-13-~~KAJ~~ SLR |
|   Petitioner/Defendant, ) | |
| ) | |
| Versus ) | |
| ) | Addendum to 3582(c)(2) submitted 02/27/08 |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
|   Respondent ) | |
| ) | |
| United States of America ) | |

FILED
MAR 20 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

MOTION OF PETITIONER FOR MODIFICATION OR REDUCTION OF SENTENCE BASED
UPON AN INTERVENING POST-SENTENCING CHANGE IN THE UNITED STATES
SENTENCING GUIDELINES PERTAINING TO COROLLARY CRIMINAL HISTORY
CATEGORY (AMENDMENT 12) WHICH EFFECTIVELY LOWERS PETITIONER'S
TERM OF IMPRISONMENT

**NOW INTO COURT COMES** the Petitioner and Defendant herein, __Audrey Miller__ appearing in and of her own behalf, as a **pro se** litigant, and respectfully moves this Honorable Court for an **ORDER** modifying and thus reducing her sentence of ____300 months____ imprisonment, pursant to this Honorable Court's jurisdictional authority as set forth and as contained in 18 United States Code § 3582 (c)(2).

I. STATEMENT OF THE CASE

Petitioner/defendant in the underlying above-number criminal case, was sentenced by this Honorable Court, on or about ____July 21, 1995____. Petitioner was sentenced by this Honorable Court to a term of imprisonment of __300__ months, at Offense Level __34__, with a Criminal History Category of __VI__, followed by

a term of Supervised Release of \_\_\_\_\_5\_\_\_\_\_ years. Petitioner is currently incarcerated and is serving her sentence at the Federal Correctional Institution at Federal Medical Center Carswell [SEE EXH. "A" Judgment in a Criminal Case].

Any detailed or extended statement of the facts of the case would be improper and unavailing, on the ground that Petitioner's instant motion for sentence reduction is, as a matter of law, a continuation of the criminal case and is not a civil post-conviction relief pleading. See, e.g., Unidted States v. Fair, 326 F.3d 1317 (11th Cir. 2003), followed by the overwhelming sister circuits. Therefore, Petitioner herein does not seek to intorduce new evidence or to argue or litigate the facts of the case. To the contrary, Petitioner's instant Motion pursuant to 18 United States Code § 3582 (c)(2) seeks a reduction of her term of imprisonment as a result of an intervening, post-sentencing change of the United States Sentencing Guidelines [hereinafter "USSG" or "the Guidelines"]. However, the current **Advisory** Guidelines apply.

## II. AMENDMENTS TO THE GUIDELINES

On May 1, 2007 the United States Sentencing Commission [hereinafter "USSC" or "the Commission] sent to the United States Congress proposed changes to the Guidelines, which included **interalia**, Amendment 12. The Criminal History to the Sentencing Guidelines -- Amend. 12 -- will effectivaly reduce Petitioner's sentence by two (2) Offense Levels -- from the current level \_\_\_34\_\_\_ to a Level _____. The Commission stated in its "Reason for Amendment:

> The Commission identified as a policy **priority** for amendment cycle ending May 1, 2007, "continuation of it's work with congressional, executive, and judicail branches of the government and other interested parties on cocaine sentencing policy, "including re-evaluating the Commission's 2002 report to Congress, **Cocaine and Federal Sentencing Policy.** [See, AMENDMENTS TO THE SENTENCING GUIDELINES, pp. 45-46]

-2-

Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding corollary criminal history. Petitioner respec- submits that this Honorable Court so too will accord the same or similar priority stat- us in ruling upon Petitioner's instant motion fro a reduction in sentence.

The Criminal Histroy Category (Amendment 12) to the Sentencing Guidelines addre- sses two critical areas of Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. It is respectfully requested that this Honorable Court grant unto Petitioner such other and further reduction of her sentence resulting from the Criminal History Category Amend. 12.

### III. BASED UPON THE SUPREME COURT'S BOOKER DECISION ABOLISHING THE MANDATORY DENTENCING GUIDELINES IN ALL CONTEXTS THE BOOKER ADVISORY GUIDELINES APPLY TO PETITIONER'S INSTANT § 3582(c) MOTION FOR SENTENCE REDUCTION, THUS EMPOWERING THIS HONORABLE COURT TO CONSIDER THE § 3553(a) FACTORS, CALCULATE A NEW GUIDELINE RANGE AND RESENTENCE PETITIONER ACCORDINGLY

This Honorable Court in resentencing Petitioner herein, pursuant to this instant 18 U.S.G. § 3582(c)(2) to account for a post-sentencing U.S. Sentencing Guidelines amen- dment that reduces the applicable range of punishment, must apply the Guidelines as advis- ory, even though the old mandatory Guidelines were in effect at the time of Petitoner's original sentencing in this Court.

In **United States v. Hicks**, 472 F.3d 1167 (9th Cir. 2007), the U.S. Court of Appeals for the Ninth Circuit held that where, as here, a defendant filed a motion to reduce his sentence pursuant to 18 U.S.G. §994(o), the Guidelines must be applied in an advisory manner. According to the Ninth Circuit's analysis, '**a mandatory system is no longer an open choice**', as a result of the Supreme Court's decision in **United States v. Booker**, 543 U.S. at 263. Clearly, this Court, in resentencing Petitioner, has the discretion, pursuant to the now **advisory Guidelines,** to consider the factors set forth in § 3553(a), and calculate a new Guideline range, and issue a new sentence, accordingly.

-3-

## IV. CONCLUSION

For the foregoing and aforestated reasons, Petitioner herein respectfully requests this Honorable Court to apply the advisory Sentencing Guidelines to the instant resentencing 18 U.S.C § 3582 (c)(2) proceedings, notwithstanding that the old, mandatory Sentencing Guidelines were in force and effect at the time of this Court's orginal sentencing of Petitoner. Thus applying the post **Booker** advisory Guidelines and considering the factors set forth in § 3553(a), Petitioner requests this Honorable Court to apply a newly calculated range and then determine an appropriate sentence for Petitioner, accordingly.

Petitioner further prays that this Honorable Court will grant unto her such other and further relief as may be deemed just and proper under the circumstances.

Respectfully submitted,

*Audrey Miller*
Audrey Miller

-4-

**CERTIFICATE OF SERVICE**

I, ___Audrey Miller___ pro se, hereby certify that on November 1, 2007, I served upon the following interested paryt, a true copy of the foregoing MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE, by United Stated Mail, First-Class, postage prepaid, as follows:

**OFFICE OF THE U.S. ATTORNEY**

*(signature)*
Audrey Miller
Petitioner/Defendant, pro se

**FUTHERMORE,** for the reasons stated above the Petitioner prays to the Honorable Court to correct any procedurla defaults in holding with **Haines v. Kerner 404 U.S. 519, 92 S. ct. 594, 30 L. Ed. 2d. 652,** "Allegations of pro se complaint are held to be less stringent standards than formal pleadings drafted by lawyers.

Submitted this 17th day Of March 2008

-5-

Audrey Miller 03660-015
SFF-Hazelton
PO Box 3000
Bruceton Mills, WV 26525



Clerk of the Court
844 North King Street
Lock Box 18
Wilmington, De 19801-3570